(112 So. 542)

## CAVIN v. STATE. (7 Div. 283.)

Court of Appeals of Alabama. April 5, 1927.

Rehearing Denied April 19, 1927.

Hugh Reed, of Center, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. Moses Deering, the alleged injured party, was shot in the leg with a pistol, and was seriously wounded, while running away from his assailant. He testified that this defendant was the person who shot him, and that it happened on Sunday between 1 and 2 o'clock in the daytime; that at the time of the shooting he saw the defendant, and immediately after the shooting he had a conversation with him. The defendant strenuously denied that he shot Moses Deering, who was his uncle, and testified that he had not seen him for ten years; also that at the very time Moses Deering was shot that he (the defendant) was at the home of one Jud Cavin, several miles distant from the place of the shooting. He offered the testimony of numerous witnesses, who also testified to the fact that defendant had gone from Sunday School to Jud Cavin's, and had remained there practically all day, and several of these witnesses testified that the defendant was at Jud Cavin's home continuously between the hours of about 11 o'clock in the morning until just before night that afternoon. No evidence was offered in behalf of the state except that of the injured party, Moses Deering. From what has been said it is apparent that the evidence in this case was in irreconcilable conflict, and was therefore for the jury to decide, and there is no rule of evidence which requires the jury to believe that side of the case which produces the larger number of witnesses.

In the trial of this case, in the court below, it is apparent that the court was fair to defendant and impartial in its rulings.

The first exception noted is to the action of the court in overruling defendant's objection to the question propounded to defendant's witness Jud Cavin on cross-examination by the solicitor, wherein the Solicitor asked him:

' "At that time he (defendant) and some of the other Cavins were making liquor out near the De Kalb line, were they?"

We do not regard this ruling as error, for the reason that the state witness, Moses Deering, had testified without objection that at the time of the shooting "I was tracking a wagon. I had gone from home up there. I first saw the defendant in the road, and he had his pistol, and he (defendant) said, 'Oh, yes! I have got you, young man. * * * Haven't you been hunting stills a long time?' " etc. And on his cross-examination it was brought out by defendant that the witness was out in the woods tracking a wagon. He also said on cross-examination:

"I was hunting beer, I was wanting it done away with. It was still beer. I was after them that run a still. It was said all the time they were running a still," etc.

It is evident from this that the state was undertaking to establish a motive for the otherwise wholly uncalled for shooting. The fact, therefore, if it be established that this defendant and others, "at that time," were making liquor out in that neighborhood, was relevant as tending to shed light upon the question of motive, as the injured party, without dispute, was trying to catch up with the parties who were running a still. The next exception noted was to the same effect, wherein the court allowed the solicitor to ask this witness:

"You did not know that at that time Clyde was running a still up there when he shot the old man?"

To which the witness replied:

"No, sir, I did not know it."

■ The defendant introduced as a witness one Henton Baker, who testified on direct examination:

"I know Mr. Deering, and remember when he was shot. I saw the old man after he was shot. He came by one day, and I heard him say that he did not know who it was that shot him. He was talking to my father, Tom Baker."

On cross-examination of this witness he testified:

"My father is at home. He is not here."

The solicitor then asked the witness:

"He heard the old gentleman say that, but he is not here. He is able to come, is he?"

The court overruled defendant's objection to this question, and an exception was reserved. If there was error in this ruling, it was not of sufficient import to cause a reversal of the judgment of conviction. It does not appear that the inquiry was followed up or that any comment in argument or otherwise was indulged in this connection.

The oral charge of the court was a plain and correct statement of the several propositions of law applicable to this case. This charge, together with the charges given at the request of defendant, fairly and substantially covered such of the refused charges as contained correct statements of the law.

As stated by the court in the oral charge, the evidence in this case presented a clearcut issue of fact for the jury. We discover no error in any of the court's rulings upon the trial. The record proper is also without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.